**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kirk Marshall Clayton, | ) | No. CV-05-876-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Avondale Elementary School District #44, | ) ) | |
| Defendant. | ) ) ) | |

The court has before it defendant's motion for summary judgment (doc. 20), plaintiff's motion for declaratory judgment (doc. 22), defendant's motion to strike the motion for declaratory judgment (doc. 24), and defendant's motion for summary adjudication of the motion for summary judgment (doc. 25).

The Rule 16 Scheduling Order alerted the parties that dispositive motions must be filed no later than March 16, 2006 and that the deadline would not be extended due to case processing problems. Order of November 4, 2005 at 1, 3. We denied the parties' joint motion to extend the dispositive motion deadline. Order of March 15, 2006 at 1. Defendant timely moved for summary judgment on March 16, 2006. Plaintiff filed a motion for declaratory judgment on April 21, 2006. To the extent that this motion is intended as a motion for summary judgment, it is denied as untimely because it was filed after the dispositive motion deadline. To the extent that it is intended as a response to defendant's motion for summary judgment, it is untimely because a response was due on April 18, 2006.

1 See Fed. R. Civ. P. 6; LRCiv 56.1(b). Plaintiff did not set forth a reason for the untimeliness, nor did he seek an extension of the response period. "[S]uch noncompliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Defendant's motion for summary judgment is accordingly granted.

The outcome would be identical if we were to nonetheless consider plaintiff's motion as a timely response to defendant's motion for summary judgment and examine the merits of the claims. Plaintiff claims that defendant did not hire him due to his race, sex and age and that it is therefore liable for discrimination. Defendant contends that it did not hire plaintiff because the position had already been filled, and it supports its contention with evidentiary submissions. Having done so, plaintiff cannot rest upon his allegations, but must set forth evidence pursuant to Rule 56(e), Fed. R. Civ. P., to controvert defendant's contention and show that there is a genuine issue for trial. Plaintiff sets forth no such evidence and therefore cannot survive defendant's motion for summary judgment.

Accordingly, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 20).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for declaratory judgment (doc. 22).

**IT IS FURTHER ORDERED DENYING** as moot defendant's motion to strike the motion for declaratory judgment (doc. 24).

**IT IS FURTHER ORDERED DENYING** as moot defendant's motion for summary adjudication of its motion for summary judgment (doc. 25).

DATED this 19th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge